EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2008 TSPR 68 |
| Aprobación del nuevo Reglamento para la Asignación de Abogados y Abogadas de Oficio en Procedimientos de Naturaleza Penal | 173 DPR _____ |

Número del Caso: ER-2008-03

Fecha: 1 de mayo de 2008

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Aprobación del nuevo Reglamento          ER-2008-03
para la Asignación de Abogados
y Abogadas de Oficio en
Procedimientos de Naturaleza
Penal

RESOLUCIÓN

San Juan, Puerto Rico, a 1 de mayo de 2008.

En virtud del poder inherente de este Tribunal de reglamentar la profesión de la abogacía, el 30 de junio de 1998 aprobamos el *Reglamento para la Asignación de Abogados y Abogadas de Oficio en Procedimientos de Naturaleza Penal.* Dicho reglamento estableció un sistema uniforme para la asignación de abogados y abogadas de oficio en procedimientos de naturaleza penal, cuando el imputado fuera indigente y no pudiera ser representado por la Sociedad para la Asistencia Legal u otra entidad análoga.

Mediante la Ley de la Judicatura del 2003, Ley Núm.201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24 et seq., la Asamblea Legislativa reconoció que "dentro de su facultad de regular el ejercicio de la abogacía," el Tribunal Supremo tiene la autoridad de "adoptar reglamentación para la asignación de representación legal de oficio a personas de escasos recursos económicos en casos criminales" y "establecer criterios objetivos para identificar aquellas personas que demuestren ser indigentes."

Aprobación del nuevo Reglamento
para la Asignación de Abogados
y Abogadas de Oficio en Procedimientos
de Naturaleza Penal                                    Página 3

Posteriormente, el Tribunal nombró un *Comité para el Estudio de la Asignación de Abogados y Abogadas de Oficio* con el propósito de evaluar el sistema implantado por el reglamento aprobado en el 1998 y rendir un informe con sus hallazgos y recomendaciones.

El Comité sometió un informe que recomendó que mediante legislación se cree una nueva entidad que instrumente "un sistema de representación legal compensada" para aquellos casos que la Sociedad para Asistencia Legal no pudiese atender por razón de conflicto de intereses.

El Comité también propuso que el Tribunal Supremo adoptara unas medidas de naturaleza transitoria destinadas a mejorar el sistema vigente. Con estos propósitos el Tribunal le encomendó al Secretariado de la Conferencia Judicial que, en coordinación con la Oficina de Administración de los Tribunales, evaluara los hallazgos y las recomendaciones del Comité.

Examinado el Informe del Comité, a la luz del estudio preparado por el Secretariado de la Conferencia Judicial, al amparo de nuestro poder inherente para regular la profesión y lo dispuesto por la Ley de la Judicatura del 2003, *supra*, el Tribunal adopta un nuevo *Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal*, el cual se acompaña como parte integral de esta Resolución.

Este Reglamento se distingue por las siguientes características:

- Reduce el número de horas que un abogado y abogada de oficio debe donar anualmente, de cincuenta a treinta horas, antes de recibir compensación.

- Ofrece por primera vez la oportunidad a los abogados y las abogadas que rindan servicios de oficio para que puedan solicitar al Programa de Educación Jurídica Continua crédito por las horas de servicio gratuito. De esta manera los servicios gratuitos de oficio constituirían un mecanismo no tradicional de enseñanza de cumplimiento a tenor con la Regla 14 (2) del Reglamento del Programa de Educación Jurídica Continua y se reconoce la labor de aquellos abogados y abogadas a quienes les ha sido designada la encomienda de representar de oficio a las personas imputadas que carecen de recursos económicos para contratar representación legal privada.

Aprobación del nuevo Reglamento
para la Asignación de Abogados
y Abogadas de Oficio en Procedimientos
de Naturaleza Penal                                    Página 4

- Desalienta la representación legal fraccionada y las renuncias automáticas de representación legal al reiterar el cumplimiento con los requisitos establecidos en el Canon 20 de los de Ética Profesional.

- Expone afirmativamente que las asignaciones de oficio sólo pueden hacerse en aquellos casos donde la Sociedad para Asistencia Legal o cualquier otra entidad análoga no pueda ofrecer representación legal a una persona indigente por razones de conflictos de intereses.

- Establece la presunción de que una persona es indigente si la Sociedad para Asistencia Legal así la califica, agilizando el proceso en aquellas instancias en que un juez o jueza tenga que hacer una designación de oficio.

- Faculta a la Directora de la Oficina de Administración de los Tribunales a aprobar memorandos, circulares y normas para regir la preparación de las listas de abogados y abogadas y el procedimiento para el trámite de la compensación por los servicios rendidos de oficio.

- Faculta al Juez Presidente para establecer un sistema periódico de evaluación del funcionamiento del sistema de abogados y abogadas de oficio.

Para permitir la adecuada divulgación de lo aquí dispuesto y de las normas y procedimientos que en virtud de ello se emitan, este nuevo Reglamento, el cual deroga el Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 30 de junio de 1998, entrará en vigor el 1ro de septiembre de 2008.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo

# TRIBUNAL SUPREMO DE PUERTO RICO

**REGLAMENTO PARA LA
ASIGNACIÓN DE ABOGADOS Y ABOGADAS DE OFICIO
EN PROCEDIMIENTOS DE NATURALEZA PENAL**

**MAYO DE 2008**

**REGLAMENTO PARA LA ASIGNACIÓN DE ABOGADOS Y ABOGADAS DE OFICIO EN PROCEDIMIENTOS DE NATURALEZA PENAL**

## CAPÍTULO I.  ALCANCE E INTERPRETACIÓN

### Regla 1.      Base Legal

Este reglamento se promulga en virtud del poder inherente del Tribunal Supremo de Puerto Rico y de lo dispuesto en la Ley de la Judicatura del 2003, Ley Núm.201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24 et seq., para reglamentar la profesión de la abogacía en Puerto Rico.  Su propósito es establecer un sistema uniforme para la asignación de abogados y abogadas de oficio en procedimientos de naturaleza penal, sin menoscabo del deber individual de cada profesional del derecho de proveer servicios legales libre de costo a personas indigentes que dispone el Canon 1 de los de Ética Profesional.

### Regla 2.      Alcance y Extensión

Estas reglas aplicarán en todo procedimiento de naturaleza penal incoado en la jurisdicción del Estado Libre Asociado de Puerto Rico al cual sea aplicable el derecho constitucional a asistencia de abogado o abogada.

Se asignará un abogado o una abogada de oficio sólo cuando la persona sometida a tal procedimiento sea indigente y no pueda ser representada por la Sociedad para Asistencia Legal, o por la entidad sin fines de lucro designada para representar menores de edad, o por cualquier entidad análoga competente, y no haya renunciado expresamente a su derecho a asistencia de abogado o abogada.

Una vez realizada la designación de oficio, el abogado o abogada sólo podrá ser relevado de la designación si cumple con lo dispuesto en el Canon 20 de los de Ética Profesional.  Cualquier abogada o abogado contratado privadamente deberá también cumplir con lo dispuesto en el Canon 20 antes mencionado, previo a solicitar el relevo de la representación legal.

El tribunal desalentará los relevos automáticos de representación legal al inicio de los procedimientos y la representación legal fraccionada por etapas.

Con excepción de lo dispuesto sobre la notificación en la Regla 13(a), las demás disposiciones de este reglamento no aplicarán a los abogados y abogadas de la Sociedad para Asistencia Legal.   El

Reglamento no aplicará a los abogados y abogadas que sean miembros de los Comités asesores, permanentes o *ad hoc* del Tribunal Supremo de Puerto Rico, miembros de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, miembros de la Comisión de Reputación para el Ejercicio de la Abogacía, comisionados o comisionadas especiales y miembros de cualquier otra junta, comisión o comité nombrado por el Tribunal Supremo. No será de aplicación a abogados y abogadas que pertenezcan a entidades análogas que sean reconocidas por el Tribunal Supremo de Puerto Rico, o quienes por disposición legal o limitación de su cargo público no puedan ejercer la práctica privada de la profesión.

## Regla 3.    Definiciones

Los términos usados en este reglamento tendrán el significado siguiente:

(a)    *Procedimiento de naturaleza penal* – Todo procedimiento investigativo, judicial o cuasijudicial celebrado en la jurisdicción del Estado Libre Asociado de Puerto Rico al que sea aplicable el derecho constitucional a asistencia de abogado o abogada, y que como resultado del mismo una persona natural pueda estar sujeta a:

(1)    restricción de su libertad mediante arresto;

(2)    una o varias de las penas que establece el Código Penal de Puerto Rico, Ley Núm. 149 de 18 de junio de 2004, según enmendada;

(3)    una o varias de las medidas dispositivas provistas por la Ley de Menores de Puerto Rico; Ley Núm. 88 de 9 de julio de 1986, según enmendada;

(4)    modificación o revocación de medidas de desvío o alternas a la reclusión que conlleve la pérdida o restricción de la libertad.

(b)    *Juez Administrador o Jueza Administradora* – se refiere al Juez Administrador o Jueza Administradora de la región judicial donde ubica el tribunal donde se celebra el procedimiento de naturaleza penal.

(c)    *Indigente* - Persona natural sometida a un procedimiento de naturaleza penal que demuestre su insolvencia y la

imposibilidad de obtener recursos económicos para procurarse la asistencia de abogado o abogada, según los criterios establecidos por la Sociedad para Asistencia Legal o por el Director o Directora de la Oficina de Administración de los Tribunales.

(d) *Abogado o Abogada de oficio* - Todo abogado o abogada admitida a la práctica de la profesión por el Tribunal Supremo de Puerto Rico, miembro del Colegio de Abogados de Puerto Rico a quien se le designe para representar de oficio a una persona imputada de delito.

(e) *Certificación* - Se refiere al procedimiento que debe cumplir todo abogado o abogada designada de oficio para que el tribunal pueda aprobarle las horas de servicio gratuito y las horas compensables que procedan conforme a las gestiones realizadas.

(f) *Compensación* - Remuneración que recibirá un abogado o abogada de oficio por los servicios rendidos, en exceso del número mínimo de horas que deberá donar anualmente como servicio gratuito en la representación de indigentes.

(g) *Horas compensables* - Tiempo por el cual se tendrá derecho a remuneración por los servicios rendidos a una persona indigente. Incluye el tiempo de espera en sala cuando el abogado o la abogada de oficio haya comparecido por orden del tribunal y las horas de viaje para rendir servicios necesarios si debe viajar fuera del municipio donde ubica su residencia u oficina principal para cumplir con su asignación.

(h) *Servicio gratuito* - Número mínimo de horas que el abogado o la abogada de oficio debe donar anualmente antes de recibir la compensación por sus servicios.

(i) *Gastos razonables* - Gastos necesarios e indispensables para la efectiva representación de la persona indigente.

(j) *Indigencia* - Estado de insolvencia económica determinado de conformidad con los criterios establecidos por la Sociedad para Asistencia Legal o por el Director o Directora de la Oficina de Administración de los Tribunales.

(k) *Delegación del Colegio de Abogados* - Para efectos de este reglamento y de los procedimientos que se adopten por la Oficina de Administración de los Tribunales, de conformidad con la delegación que hace esta reglamentación, la Delegación del Colegio de Abogados, será aquella donde ubique la oficina del abogado o la abogada de oficio, o en caso de no tenerla, el lugar de su residencia.

## CAPÍTULO II.  SISTEMA DE SELECCIÓN DE ABOGADOS Y ABOGADAS DE OFICIO

**Regla 4.    Administración del sistema de selección de abogados y abogadas de Oficio**

El sistema de selección de abogados y abogadas de oficio se regirá por las normas que aprobará el Director o la Directora Administrativa de la Oficina de los Tribunales (en adelante, el Director o la Directora Administrativa de la OAT).   Estas dispondrán, entre otros, sobre los siguientes asuntos:

(a) la forma de seleccionar los abogados y abogadas que rendirán los servicios de oficio;

(b) la preparación de una lista con los nombres de los abogados y abogadas sujetos a recibir asignaciones de oficio;

(c) las personas que estarán a cargo de la supervisión y custodia de la lista;

(d) la frecuencia y forma en que se modificará la lista y,

(e) el modo mediante el cual se determinará el orden de los nombres de la lista para el proceso de asignación de casos de abogados de oficio a tenor con las normas establecidas.

**Regla 5.    Evaluación del sistema de abogados y abogadas de oficio**

El Director o la Directora Administrativa de la OAT establecerá mecanismos para la recopilación de información estadística que permitirá evaluar el funcionamiento del sistema de abogados y abogadas de oficio, conforme los memorandos, circulares o normas administrativas que para tales fines emita.  Podrá requerir a las Regiones Judiciales que mantengan

4

registros diarios de las asignaciones de oficio, y que preparen informes periódicos con la información que surja de éstos.

El Director o la Directora Administrativa de la OAT deberá enviar la información recopilada a la Comisión Asesora del Sistema de Asignaciones de Abogados y Abogadas de Oficio, que se creará dentro de los treinta (30) días de entrar en vigor este Reglamento para evaluar el funcionamiento del sistema y proponer las medidas que sean necesarias para mejorarlo.

La Comisión Asesora estará compuesta por siete (7) miembros que serán nombrados por el Juez Presidente o Jueza Presidenta del Tribunal Supremo. La Comisión rendirá un informe con recomendaciones al Tribunal Supremo dentro de los sesenta días de finalizado cada año fiscal.

## CAPÍTULO III. DETERMINACIÓN DE INDIGENCIA

### Regla 6.  Quién hará la determinación

La evaluación inicial sobre la indigencia de una persona imputada de delito que realiza la Sociedad para Asistencia Legal, o la entidad análoga correspondiente, se considerará la determinación inicial de indigencia, independientemente de si ésta asume o no la representación legal. En aquellos casos donde no se haya evaluado la capacidad económica de una persona imputada de delito, y ésta comparece a Sala alegando indigencia, el juez o la jueza que presida el procedimiento judicial la referirá a las oficinas de la Sociedad para Asistencia Legal, o a la entidad análoga correspondiente, y la persona quedará sujeta a la correspondiente determinación de ésta. En los casos excepcionales en que ello no sea posible, el tribunal realizará la determinación de indigencia conforme los criterios que establezca el Director o Directora de la OAT.

En los demás procesos cubiertos por este reglamento, la determinación de indigencia la hará el juez o la jueza del tribunal más cercano a la residencia de la persona solicitante.

### Regla 7.  Presentación de la Declaración Jurada

Cuando el tribunal tenga que realizar la determinación de indigencia podrá requerirle a la persona que reclama su derecho a representación legal gratuita que presente evidencia jurada del estado de su insolvencia y de su imposibilidad de obtener recursos económicos para pagar los

servicios de abogado o abogada. También podrá requerirle que presente cualquier otra evidencia que considere necesaria para determinar la indigencia.

En caso de requerir la presentación de la declaración, el juez o la jueza que atienda el procedimiento entregará a la persona indigente copia del formulario uniforme de Declaración Jurada sobre Estado de Indigencia emitido por la OAT que contendrá los criterios básicos de elegibilidad y una advertencia sobre las sanciones legales aplicables al solicitante por mentir bajo juramento sobre su situación económica y sobre su posibilidad de obtener recursos económicos para pagar su representación legal. La persona indigente, o la persona que solicite por éste o ésta su derecho a representación legal gratuita, completará la declaración jurada en todas sus partes, y ésta se unirá al expediente del procedimiento.

## Regla 8.    Desacato

Proveer información falsa en la declaración jurada podrá constituir desacato al tribunal. El tribunal advertirá sobre la posibilidad de incurrir en desacato al momento de examinar la declaración jurada presentada ante su consideración.

## Regla 9.    Examen de la Prueba de Indigencia

La determinación inicial de indigencia se hará a base de la evidencia presentada ante el tribunal y de la información que surja de la faz de la declaración, cuando ésta se utilice.

El juez o la jueza que haga la determinación de indigencia podrá interrogar a la persona que alegue ser indigente, o a la persona que solicite por él o ella la representación legal gratuita, sobre la información vertida en la declaración jurada y, de creerlo necesario, solicitará la prueba documental o testimonial que entienda necesaria para comprobar su veracidad.

## Regla 10.    Revisión de la Determinación de Indigencia

La determinación de indigencia estará sujeta a revisión por el tribunal al inicio de cualquier etapa del procedimiento. Luego de comenzado un juicio o vista adjudicativa, la revisión se hará después de dictada la

sentencia o resolución por el tribunal, o hecha la adjudicación correspondiente, por el organismo administrativo o cuasijudicial.

**Regla 11.     Derecho a obtener Representación Legal de Oficio**

Demostrada la indigencia de la persona sometida al procedimiento de naturaleza penal, si ésta no puede ser representada por la Sociedad para Asistencia Legal u otra entidad análoga competente, tendrá derecho a solicitar y a obtener la asignación de un abogado o una abogada de oficio, cuya representación será efectiva mientras subsista su estado de indigencia.

**Regla 12.     Obligación de Pago o Reembolso al Estado**

En cualquier etapa del procedimiento penal, si surge evidencia que probase la solvencia económica de una persona que recibió representación legal de oficio, ya fuese por todo o parte del proceso, ésta pagará directamente al abogado o a la abogada de oficio sus honorarios por los servicios prestados y los gastos incurridos en su defensa.

No obstante lo anterior, en cualquier caso en que el Estado haya sufragado en todo o en parte las costas y gastos del procedimiento y los honorarios del abogado o abogada de oficio, la determinación posterior de solvencia económica obligará a la persona representada de oficio a reembolsar al Estado la totalidad de lo pagado.

El tribunal podrá ordenar la satisfacción íntegra de lo adeudado al Estado en un solo pago o a plazos, y que se envíe al Secretario de Hacienda.  En caso de que dispusiera el pago a plazos, el término máximo para saldar la deuda no deberá exceder un año, salvo solicitud oportuna de extensión del plazo por causa justificada.

**CAPÍTULO IV.   ASIGNACIÓN DEL ABOGADO O DE LA ABOGADA DE OFICIO**

**Regla 13.     Asignación de Abogado o Abogada**

(a)    *Notificación de representación legal.*  Cuando la Sociedad para Asistencia Legal o cualquier entidad análoga similar acepten representar a una persona imputada de delito, deberán notificar el nombre al tribunal mediante moción, el día en que asuman la representación legal o a más tardar al día siguiente.  Asimismo, cuando denieguen representación legal a una persona imputada que asistió a una conferencia o entrevista, deberán notificar mediante moción el nombre y las

8

razones para la denegación, el día en que la denieguen o a más tardar al día siguiente.

No obstante lo anterior, cuando se deniegue la representación legal por existir conflicto de intereses entre personas coacusadas de delito, no será necesario exponer el conflicto afirmativamente en el documento de notificación y bastará con indicar que existe un conflicto de intereses entre personas coacusadas de delito.

(b) *Criterios para la asignación de oficio*. Luego que se haya determinado que una persona es indigente y que no puede ser representada por la Sociedad para Asistencia Legal ni por otra entidad análoga competente, el tribunal, previo a la celebración de la Vista Preliminar, le asignará como abogado o abogada de oficio a aquel o aquella cuyo nombre esté próximo en turno en la lista correspondiente.

Para determinar si en un caso específico el abogado o la abogada próxima en la lista debe ser nombrada o no, el tribunal deberá tomar en consideración los elementos siguientes:

(1) La complejidad particular del caso, el conocimiento especializado para atender el procedimiento de naturaleza penal ante su consideración, los años de experiencia en la práctica penal y el tipo de casos que atiende con regularidad.

(2) El período de tiempo que tomará el proceso y el calendario de señalamientos cercanos del abogado o de la abogada a ser designado o designada.

(3) El total de casos asignados de oficio que tiene el abogado o la abogada.

(4) El reparo que pueda levantar el abogado o la abogada designado a representar a la persona imputada, ya sea por principios profesionales o personales.

(5) La oposición que pueda levantar la persona imputada a la designación. En este caso el tribunal celebrará una audiencia para recibir la prueba que sostenga la oposición. Cuando la intimidad de la persona imputada o el derecho a juicio imparcial así lo requiera, la audiencia podrá celebrarse en privado.

Si existe alguna de estas circunstancias, el tribunal dictará una orden asignando representación al abogado o a la abogada que siga en turno en la lista, siempre tomando en consideración los elementos anteriormente enumerados. Sin embargo, no podrá asignar ningún abogado o abogada que haya cumplido con el número de horas requeridas por la Regla 17 hasta tanto se haya agotado la lista.

Al agotarse la lista para las asignaciones de oficio se comenzará nuevamente con el primer abogado o abogada en turno, y así sucesivamente según fuere necesario.

(c) *Notificación de la asignación de oficio.* Al abogado o abogada de oficio se le notificará de la orden de asignación, primero mediante vía telefónica y luego por correo, con copia de la denuncia. Dicha orden deberá contener la siguiente información:

(1) nombre y dirección postal y física del abogado o abogada designada y número de teléfono;

(2) si la persona imputada está en libertad bajo fianza o si está confinada, en cuyo caso deberá indicar el nombre de la institución carcelaria en la que se encuentra;

(3) fecha de la conferencia con la persona imputada; y

(4) fecha del señalamiento para la vista preliminar.

También se deberá incluir con la orden la copia de la declaración jurada sobre indigencia, de existir la misma.

La orden de asignación de abogado o abogada de oficio formará parte del expediente penal.

El abogado o la abogada asignada asumirá la representación profesional de la persona indigente de inmediato.

(d) *Designación de abogado o abogada auxiliar.* Cuando la complejidad del caso lo amerite, el tribunal podrá asignar un abogado o una abogada auxiliar para que asista al de oficio designado. Ambas designaciones estarán sujetas a lo establecido en este Reglamento.

**Regla 14.     Duración de la Designación**

El abogado o la abogada de oficio prestará sus servicios a la persona indigente ante el foro correspondiente a través de todo el procedimiento, incluidas las etapas apelativas, si las hubiere.

El abogado o la abogada de oficio que por cualquier razón, incluyendo su falta de experiencia en las etapas apelativas, no pueda cumplir con la designación en esas etapas, así lo informará al tribunal para que asigne un nuevo abogado o abogada de oficio para el proceso apelativo.  En tal caso, el abogado o la abogada de oficio original tendrá la obligación de preparar la Exposición Narrativa de la Prueba cuando la misma se requiera y asistirá en la prestación de sus servicios al nuevo abogado o abogada de oficio que se designe.

**Regla 15.     Prestación Voluntaria de Servicios**

Independientemente del procedimiento de asignación de abogado o abogada de oficio establecido en estas reglas, cualquier abogado o abogada que voluntariamente desee representar de forma gratuita a una persona indigente en un caso particular podrá hacerlo con la aprobación del tribunal.  El abogado o la abogada interesada presentará ante el foro correspondiente una moción en la que indique su interés en asumir la representación legal en el caso de que se trate.  El abogado o la abogada que preste sus servicios voluntariamente sólo tendrá derecho al reembolso de gastos razonables por su gestión**,** y no podrá solicitar pago alguno a la persona indigente por sus servicios ni tampoco podrá facturarlos al tribunal. No obstante, tendrá derecho a solicitar al tribunal una certificación de las horas trabajadas, que podrá presentar ante el Programa de Educación Jurídica Continua conforme lo establecido en la Regla 17.

**CAPÍTULO V.     COMPENSACIÓN POR LA GESTIÓN DE OFICIO, REMUNERACIÓN POR SERVICIOS Y REEMBOLSO DE GASTOS**

**Regla 16.     Derecho a Compensación**

Todo abogado o abogada de oficio tendrá derecho a recibir compensación por sus servicios y al reembolso de los gastos necesarios y razonables en que incurra en la defensa de una persona indigente.  Tanto la

compensación como el reembolso estarán sujetos a la aprobación del tribunal a tenor con las disposiciones de este Capítulo.

**Regla 17.    Obligación de Ofrecer Servicio Gratuito**

A partir de la fecha de vigencia de este Reglamento, todo abogado o abogada de oficio deberá ofrecer un mínimo de treinta horas de servicio gratuito en cada año natural, antes de recibir cualquier compensación por sus servicios bajo este reglamento, y deberá solicitar una certificación del tribunal ante el cual prestó el servicio.  Completadas las treinta horas, esa certificación o certificaciones se podrán presentar ante el Programa de Educación Jurídica Continua, como mecanismo alterno de cumplimiento, para la correspondiente acreditación de una hora crédito de Educación Jurídica Continua por cada cinco horas de trabajo, hasta un total de seis horas crédito.

El total de horas crédito de educación jurídica continua acumulado no excederá de ocho en cada periodo de cumplimiento, conforme la Regla 14(2) del Reglamento del Programa de Educación Jurídica Continua.

Aquellos abogados y abogadas de oficio que no hayan completado las treinta horas de oficio, al finalizar el año natural también podrán presentar la certificación del tribunal por las horas trabajadas ante el Programa de Educación Jurídica Continua, como mecanismo alterno de cumplimiento, para la correspondiente acreditación de una hora crédito por cada cinco horas de trabajo.

La certificación o certificaciones expedidas por el tribunal conforme lo dispuesto en la Regla 21 deberán  presentarse, junto con el formulario que para ese efecto se haya establecido, ante el Programa de Educación Jurídica Continua para la correspondiente acreditación dentro del período de cumplimiento vigente al momento de su expedición. No obstante, el sobrante de las horas certificadas al amparo de este reglamento también podrá acreditarse al próximo periodo de cumplimiento, a tenor con lo dispuesto en la Regla 14(3) del Reglamento del Programa Educación Jurídica Continua.

Las horas crédito que se concedan al amparo de esta regla no podrán utilizarse para sustituir el requisito de cuatro horas crédito en cursos de Ética Profesional, ni de seis horas crédito en cursos de Derecho Notarial que exige la Regla 6 del Reglamento de Educación Jurídica Continua.


**Regla 18.    Determinación de la Compensación**

Completadas las horas de servicio gratuito, el monto de la compensación por las horas trabajadas en exceso estará limitado por la naturaleza del procedimiento y las gestiones realizadas.

      (a)    La compensación se determinará a base de las tarifas siguientes:

           (1)    $30 la hora por el tiempo invertido en investigación o gestiones fuera del tribunal o foro correspondiente.

           (2)    $60 la hora por el tiempo invertido en sala ante el tribunal o foro correspondiente, así como en la preparación de recursos apelativos.

El pago por hora se computará proporcionalmente en incrementos de cuartos (1/4) de hora.

      (b)    La compensación por servicios rendidos se limitará a las cantidades siguientes:

           (1)    La compensación por gestiones de oficio en procedimientos relacionados con imputaciones de delito menos grave o faltas equivalentes en los procedimientos de menores no excederá la cantidad de $1,500.

           (2)    La compensación por gestiones de oficio en procedimientos relacionados con imputaciones de delito grave o faltas equivalentes en los procedimientos de menores no excederá la cantidad de $3,500.

Cuando la naturaleza y complejidad del caso y el tiempo invertido lo justifiquen, en el ejercicio razonable de su discreción el Juez Administrador o la Jueza Administradora podrá autorizar una compensación en exceso de los límites previamente establecidos.

**Regla 19.    Reembolso de Gastos Razonables**

Se considerarán gastos razonables susceptibles de reembolso aquellos en que se ha incurrido por:

(a) viajes en automóvil para gestiones relacionadas con la investigación del caso o para la representación ante el foro correspondiente;

(b) llamadas de larga distancia;

(c) toma de deposiciones;

(d) contratación de peritos;

(e) cualquier otro gasto extraordinario necesario para la gestión de oficio;

(f) costas

El abogado o la abogada de oficio recibirá el reembolso por gastos de viaje a razón de .30¢ por milla recorrida fuera del municipio de su residencia o en el cual ubica su oficina. Los gastos por viajes dentro del municipio en que reside, la reproducción rutinaria de documentos, las llamadas o envío de documentos por líneas telefónicas locales y los gastos menores por franqueo deberán ser sufragados por el abogado o la abogada.

Antes de incurrir en un gasto sustancial, es decir, que exceda la cantidad de $250, el abogado o la abogada de oficio deberá obtener por adelantado la autorización del Juez Administrador o de la Jueza Administradora para poder reclamar el reembolso al culminar el procedimiento

**Regla 20.     Pago de Gastos**

Los gastos susceptibles de reembolso podrán ser reclamados por el abogado o la abogada de oficio aun en los casos en que no tenga derecho a recibir compensación por sus servicios.

**Regla 21.     Procedimiento para Solicitar Compensación y Reembolso**

Dentro del término de treinta (30) días contados a partir de la notificación de la disposición del procedimiento de que se trate, el abogado o la abogada de oficio deberá solicitar ante el juez o jueza que presidió el caso, una certificación de las horas trabajadas gratuitamente y de las horas

sujetas a compensación, si alguna. La solicitud, que el abogado o abogada presentará bajo juramento,  contendrá la siguiente información:

(a)  un desglose de todas las gestiones de oficio realizadas en el caso, con el detalle del número de horas invertidas y la fecha de cada gestión;

(b)  la fecha de cada resolución dictada en el caso o en otros casos certificando el cumplimiento de las horas de servicio gratuito;

(c)  el total de horas de servicio gratuito ofrecidas en el tribunal y fuera de éste

(d)  el total de horas compensables por concepto de los servicios ofrecidos en el tribunal y fuera de éste, si alguna; y

(e)  un desglose de todos los gastos razonables, con detalle de la fecha y la cantidad a reembolsar, si alguno.

La solicitud podrá presentarse en un formulario preparado por la Oficina de Administración de los Tribunales a estos fines.


**Regla 22.    Término para el Pago**

Certificadas las horas de servicio gratuito, el juez o la jueza que presidió el procedimiento aprobará el pago de la compensación y reembolso de costas y gastos que correspondan mediante resolución u orden, dentro de los treinta días a partir del recibo de la solicitud, para lo cual se podrá utilizar un formulario preparado por  la Oficina de Administración de los Tribunales.    En la resolución u orden también se ordenará al Estado a efectuar el reembolso o pago correspondiente.  Una vez aprobado el pago, se notificará a la Jueza o el Juez Administrador con copia del expediente para que proceda a enviar los documentos a la Oficina de Administración de los Tribunales.

El Director o la Directora Administrativa de la OAT establecerá el procedimiento para tramitar el pago y podrá requerir, entre otros, que los abogados y abogadas presenten copia de la moción solicitando la certificación de las horas trabajadas gratuitamente que se requiere en la Regla 21, y cualesquiera otros documentos necesarios para conceder una compensación.    El Director o Directora Administrativa establecerá los formularios de los documentos requeridos, de manera que el trámite sea

uniforme en las Regiones Judiciales. No obstante lo anterior, de presentarse circunstancias excepcionales, el tribunal, previa solicitud, tendrá la facultad de autorizar pagos parciales.

## CAPÍTULO VI. DISPOSICIONES GENERALES

**Regla 23.** **Revisión de Determinaciones sobre Asignación de Abogados o Abogadas de Oficio y sobre Compensación y Pago por Servicios y Gastos de Litigación**

Cualquier abogado o abogada que reclame que su inclusión o exclusión de las listas o que su asignación de oficio en un caso específico fue hecha de manera arbitraria o discriminatoria, podrá acudir ante el Tribunal de Apelaciones, según lo dispuesto por la Ley de la Judicatura mediante petición Ex parte, presentada dentro del término de diez días a partir de la fecha en que fue notificado de la determinación que impugna.

Cualquier abogado o abogada de oficio que reclame que el juez o la jueza que lo designó para un caso en específico, o cualquier otro funcionario del tribunal, ha actuado de manera arbitraria o discriminatoria en relación con cualquier asunto cubierto por este reglamento, y que esta conducta le ha perjudicado, podrá acudir ante el Tribunal de Apelaciones mediante *Certiorari*.

**Regla 24.** **Separabilidad**

Si cualquier disposición de este reglamento o su aplicación a cualquier persona fuera declarada nula o inconstitucional, ello no invalidará las disposiciones restantes, las cuales continuarán en pleno vigor.

**Regla 25.** **Vigencia**

Este reglamento, el cual deroga el Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 30 de junio de 1998, entrará en vigor el 1ro de septiembre de 2008.